UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
                                              :
E-CRANE INTERNATIONAL USA, INC.,              :
                                              :      CASE NO. 1:07-CV-02557
          Plaintiff,                          :
                                              :
vs.                                           :      OPINION AND ORDER
                                              :      [Resolving Doc. 28]
INTERSTATE EQUIPMENT                          :
CORPORATION, ET AL.                           :
                                              :
          Defendants.                         :
                                              :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

With this Opinion and Order, the Court addresses Plaintiff E-Crane International USA Inc.'s ("E-Crane") motion to strike the Defendant's amended counterclaims [Docs. 28, 33.] and Defendant Interstate Equipment Corporation's ("IEC") opposition, including its request for leave to amend its counterclaims [Doc. 30.].

For the reasons described below, the Court **GRANTS** Defendant IEC's request for leave to amend its counterclaims and accordingly **DENIES** the Plaintiff's motion to strike the Defendant's amended counterclaims.

I. Background

On August 23, 2007, Plaintiff E-Crane filed a complaint against IEC alleging breach of contract arising from various construction-related purchase orders entered into by the parties. [Doc. 1.] On October 17, 2007, Defendant IEC answered the complaint and filed various counterclaims

-1-

Case No. 1:07-CV-02557
Gwin, J.

against E-Crane, including claims for breach of contract, violation of the Ohio Prompt Payment Act, tortious interference with contractual relations and prospective business relations, and violation of the Ohio Uniform Trade Secrets Act. [Doc. 5.] In response, E-Crane filed a reply to IEC's counterclaims on November 13, 2007.[1/] [Doc. 13.]

On November 13, 2007, Plaintiff E-Crane moved for leave to amend its complaint. [Doc. 14.] After the Court granted E-Crane such leave on November 21, 2007 [Doc. 18.], the Plaintiff never filed its proposed first amended complaint. Instead, following the case management conference, on November 30, 2007, the Plaintiff moved for leave to amend its complaint for a second time. [Doc. 22.] After the Court granted the requested leave, E-Crane filed its second amended complaint on December 5, 2007. [Doc. 24.] With its second amended complaint, the Plaintiff adds an additional defendant, Joe Vogel, an alleged owner of IEC, and offers allegations involving breach of contract, business defamation, tortious interference with business relationship, tortious interference with contract, punitive damages, and piercing the corporate veil theories. *Id.*

On December 19, 2007, IEC answered the Plaintiff's second amended complaint. [Doc. 27.] In the same document, Defendant IEC also filed additional counterclaims; in addition to its previous counterclaims, the Defendant added claims of quantum meruit and unjust enrichment. *Id.* The Defendant also separated its previous third count of tortious interference with contractual relations and prospective business relations into two separate counts. *Id.*

On December 21, 2007, the Plaintiff moved to strike the Defendant's amended counterclaims on the basis that "the Defendant's amended counterclaim was filed 19 days after this Court's

---

[1/] The Plaintiff also filed a motion for a temporary restraining order that the Defendant opposed. [Docs. 15, 16.] At the case management conference on November 26, 2007, the parties represented to the Court that they would attempt to resolve these matters without the Court's intervention unless they notified the Court otherwise.

Case No. 1:07-CV-02557
Gwin, J.

deadline to amend pleadings, and the Defendant did not request leave of Court, nor did the Plaintiff give consent to the filing of the same." [Doc. 28, p. 1.]

Defendant IEC responded that it was "entitled to file its amended counterclaims without leave of court because E-Crane's second amended complaint greatly expanded its factual allegations, and changed its theories of relief and the scope of this action." [Doc. 30, p. 4.] In the alternative, IEC requests leave to amend its counterclaims in the interest of justice. *Id*, at 5.

## II. Discussion

After a party files a responsive pleading, the opposing party may only amend his claims by leave of the court. FED. R. CIV. P. 15(a). A court should freely give leave to amend "when justice so requires." *Id.* The Supreme Court has articulated the general standard for Rule 15(a):

> In the absence of any declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be freely given.

*Foman v. Davis*, 371 U.S. 178, 182 (1962). A court must examine the *Foman* factors in light of the directive of Rule 1 of the Federal Rules of Civil Procedure that the rules are to be "construed and administered to secure the just, speedy, and inexpensive determination of every action." FED. R. CIV. P. 1; *Foman*, 371 U.S. at 182. The decision whether "justice so requires" the amendment is at the district court's sound discretion. *See Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971).

Similarly, under Rule 13(f), courts may "permit a party to amend a pleading to add a counterclaim . . . if justice so requires." FED. R. CIV. P. 13(f). The Sixth Circuit counsels:

-3-

Case No. 1:07-CV-02557
Gwin, J.

> In exercising its discretion under Rule 13(f), the district court must balance "the equities, including whether the non-moving party will be prejudiced, whether additional discovery will be required, and whether the court's docket will be strained."
>
> Courts appear particularly hesitant to deny amendment, even at late stages in the proceedings, when the interest in resolving all related issues militates in favor of such a result and no prejudice is demonstrated.

*Budd Co. v. Travelers Indem. Co.*, 820 F.2d 787, 792 (6th Cir. 1987) (citations omitted).

Here, justice requires the Court to grant leave to IEC to amend its counterclaims. First, the amended counterclaims directly relate to the present action. Two of the amended counterclaims (tortious interference with contractual relations and tortious interference with business relationships) [Doc. 27.] simply reflect a division of what was previously a single counterclaim (tortious interference with contractual relations and prospective business relations) in the original pleading [Doc. 5.]. Thus, E-Crane has had notice of these claims since IEC's original filing. The other two additional counterclaims of unjust enrichment and quantum meruit, though not mentioned in the original counterclaim filing, also directly relate to the main factual allegations at issue in the case from the beginning–what services and equipment IEC did or did not provide to E-Crane in the context of the projects named in the pleadings and the parties' resulting obligations to each other.

Second, the Court disagrees with the Plaintiff's concern that these amendments will result in significant delays in the discovery process and thereby the trial schedule. Nor does the Court find that allowing amendment will unduly prejudice the Plaintiff. The Plaintiff alleges no potential prejudice beyond the need to conduct additional discovery. First, the parties are in the preliminary stages of discovery. Second, as described above, the amended counterclaims involve the main factual allegations already at issue in the case. Further, the Court finds that the value in deciding the related claims of this case together outweighs any minor additions in needed discovery resulting

Case No. 1:07-CV-02557
Gwin, J.

from the requested amendment. Noting that the "if justice so requires" standard is "especially flexible and enables the court to exercise its discretion and permit amendment whenever it seems desirable to do so," the Court chooses to exercise such discretion here by permitting IEC's requested amendments. *See Budd*, 820 F.2d at 791-92.

With its motion to strike, E-Crane says, "[T]o file an amended counterclaim, the Defendant needed to do so within the court's amended pleading deadline, or with leave of court, or with the Plaintiff's consent, none of which happened here." [Doc. 28, p. 1.] Because IEC has now requested leave to amend and the Court has granted such leave, the Court will not strike IEC's amended counterclaims.

### III. Conclusion

For the reasons stated above, the Court **GRANTS** Defendant IEC's request for leave to amend its counterclaims and **DENIES** the Plaintiff's motion to strike the Defendant's amended counterclaims.


Dated: January 15, 2008                    s/    James S. Gwin
                                           JAMES S. GWIN
                                           UNITED STATES DISTRICT JUDGE