# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| E-CRANE INTERNATIONAL USA, INC., | ) | CASE NO: 1:07-cv-02557 |
| | ) | |
| Plaintiff, | ) | JUDGE GWIN |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | NANCY A. VECCHIARELLI |
| INTERSTATE EQUIPMENT | ) | |
| CORPORATION, *et al.*, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

On February 11, 2008, in accordance with Judge Gwin's February 8, 2008 order of referral (Doc. No. 52), the Court held a telephone conference to resolve discovery disputes related to the scheduling of depositions and Plaintiff's motion for a protective order (Doc. No. 45).

## I.  Depositions

The disputes related to depositions have been resolved as follows:

1) Counsel for Plaintiff shall make available for deposition, Mark Osborne and the 30(b)(6) representative of E-Crane during the week of February 25, 2008.

2) Counsel for Plaintiff has agreed to take the depositions of Interstate Equipment Corporation's employees in Pittsburgh, Pennsylvania.

## II.  Proposed Protective Order

Plaintiff asks the Court to issue the proposed protective order attached to its motion.

(Doc. No. 45.) Plaintiff's proposed order includes a "for attorneys' eyes only" provision. During the telephone conference, counsel for both parties informed the Court that although they initially agreed to enter into a stipulated protective order, they could not agree on the inclusion of a "for attorneys' eyes only" provision. Counsel for Plaintiff sought to include the provision; counsel for Defendant would not agree. After further discussions, it appeared the parties had additional disagreements regarding the terms of a protective order. For the following reasons, the Court declines to issue any protective order.

Parties may obtain discovery regarding any matter, not privileged, that is relevant to the subject matter involved in the pending action. FED. R. CIV. P. 26(b)(1). However, a trial court is vested with the authority to limit pretrial discovery and upon a showing of good cause "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." FED. R. CIV. P. 26(c). The decision to grant a motion for a protective order is within the sound discretion of a trial court. *Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219, 227 (6th Cir. 1996). In making such a determination, the court is to balance the competing interests at issue and to compare the hardship on the parties if the motion is either granted or denied. *Marrese v. Am. Acad. of Orthopaedic Surgeons,* 726 F.2d 1150, 1159 (7th Cir. 1984), *rev'd on other grounds*, 470 U.S. 373 (1985). The movant bears the burden to demonstrate that this balancing of hardships weighs in its favor. *Nix v. Sword*, 11 Fed. Appx. 498, 500 (6th Cir. 2001).

Furthermore, when deciding whether to grant a protective order, the court must remain cognizant that public access to court documents is a fundamental feature of the American judicial system. *See Brown & Williamson Tobacco Corp. v. Fed. Trade Comm.*, 710 F.2d 1165,

1177 (6th Cir. 1983). Unwarranted secrecy of court documents precludes the public's right to act as an important check on the judicial system's integrity. *Id.* at 1179. For this reason, a presumption in favor of public access to judicial records exists. *See*, *e.g.*, *In re Cont'l Ill. Sec. Litig.*, 732 F.2d 1302, 1308 (7th Cir. 1984).

In *Tinman v. Blue Cross & Blue Shield of Michigan*, 176 F. Supp. 2d 743, 745 (E.D. Mich. 2001), the court observed that in order to have confidential information in a court record kept under seal, the movant must make a specific showing that "disclosure of the information will result in some sort of serious competitive or financial harm." *Id.* This Court agrees that a showing of substantial personal or financial harm is required to justify an order sealing any documents in its file.

Plaintiff has failed to demonstrate that serious competitive or financial harm will result from public disclosure of the information sought to be protected. In conclusory fashion, Plaintiff states merely that the "parties are competitors and some of the requested documents are highly confidential to their respective competitive and personal interests." (Doc. No. 45 at 3-4.) Plaintiff has made no particularized showing that the documents are confidential and that public disclosure of the documents would result in serious harm to Plaintiff's competitive or personal interests. Thus, the presumption in favor of public access to judicial records has not been overcome.

Of course, the parties are free to enter into a private confidentiality agreement with respect to disclosure of documents and information. Nor does this Court intend to prevent any of the parties from moving to seal an individual document in the file, provided that they make the required particularized showing. At the present time, however, Plaintiff has not sufficiently

shown the need for a protective order. Accordingly, Plaintiff's motion (Doc. No. 45) is

**DENIED**.

　　　　IT IS SO ORDERED.

Dated: February 12, 2008

　　　　　　　　　　　　　　　　　　　　　*s/ Nancy A. Vecchiarelli*
　　　　　　　　　　　　　　　　　　　　　NANCY A. VECCHIARELLI
　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE